UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUGENE H. FRANK | : |
|     Plaintiff | : Case No. |
| | : |
| v. | : |
| | : |
| GENERAL ELECTRIC COMPANY; | : |
| CBS CORPORATION f/k/a VIACOM INC., | : |
| successor-by-merger with CBS | : |
| CORPORATION f/k/a WESTINGHOUSE | : |
| ELECTRIC CORPORATION; AND | : |
| AIR & LIQUID SYSTEMS CORPORATION, | : |
| as successor-by-merger to BUFFALO PUMPS, | : |
| INC. | : AUGUST 4, 2011 |
| | : |
|     Defendants. | : |

## GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
       DISTRICT OF CONNECTICUT

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE"), hereby removes an action filed against it in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport and gives notice of such removal. In support, GE respectfully offers the following:

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

### Preliminary Matters

1.     Plaintiff commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport. The state court action is entitled *Eugene H. Frank v. General Electric Company, et al*, Docket No. FBT-CV11-6020806-S. A copy of the Summons and Complaint in the state court action is attached hereto as Exhibit A.

2.     Plaintiff served GE with the Summons and Complaint on or about July 25, 2011.

3.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date when GE received a copy of the initial pleading setting forth the claim for relief upon which this action is based.

### Nature of the Case

4.     This is a product liability action in which Eugene Frank alleges that he contracted asbestos-related Mesothelioma and other asbestos-related pathologies. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while working at General Dynamics/Electric Boat ("EB"), Complaint ¶1, from 1956-1993. EB is a company engaged in the construction and repair of nuclear submarines for the United States Navy.

5.     The plaintiffs assert claims under the Connecticut Product Liability Act against GE and the other defendants. In particular the Complaint alleges that GE

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos dust and fibers. Exhibit A, Complaint, ¶'s 6-13.

### Grounds for Removal

6. Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy and EB for use in the construction of nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

7. It appears that the plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use in the construction and/or repair of nuclear submarines at EB.

8. In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and equipment, GE was acting under and at the direction of the U.S. Navy. Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case). Under the circumstances of the instant case, GE was acting under an officer or agency of the United States within the meaning

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

of 28 U.S.C. § 1442(a)(1). In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010). See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October 22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

9.  The removal was filed less than thirty days from the service of the Complaint and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

10. Pursuant to 28 U.S.C. § 1446(d), GE will this day, or promptly thereafter,

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court.

> DEFENDANT
> GENERAL ELECTRIC COMPANY
>
> /s/ Dan E. LaBelle
> Dan E. LaBelle, Esq.
> Federal Bar No. ct01984
> Halloran & Sage LLP
> 315 Post Road West
> Westport, CT  06880
> Telephone: (203) 227-2855
> Facsimile: (203) 227-6992
> labelle@halloran-sage.com

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed on this 4th day of August, 2011 to all counsel of record, to wit:

**Stephen C. Embry, Esq.**
Embry and Neusner
118 Poquonnock Road
Groton, CT 06340

**Thomas Maxwell, Esq.**
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

**Geoffrey Lane Squitiero, Esq.**
Maher & Murtha
528 Clinton Ave., PO Box 901
Bridgeport, CT 06601

/s/ Dan E. LaBelle
Dan E. LaBelle

2083493v.1
315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No.412195

**EXHIBIT A**



# CT Corporation

**Service of Process Transmittal**
07/25/2011
CT Log Number 518883682

**TO:** Carol Light, Senior Trial Risk Analyst
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**RE:** **Process Served in Connecticut**

**FOR:** General Electric Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Eugene H. Frank, Pltf. vs. General Electric Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury - Breach of Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/25/2011 at 12:40 |
| **JURISDICTION SERVED:** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 08/23/11 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Stephen C. Embry<br>Embry and Neusner<br>118 Poquonnock Road<br>Groton, CT 06340<br>860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/25/2011, Expected Purge Date: 07/30/2011<br>Image SOP<br>Email Notification, Carol Light Carol.Light@electricinsurance.com<br>Email Notification, Dan Labelle labelle@halloran-sage.com<br>Email Notification, Brett Szczesny szczesny@halloran-sage.com<br>Email Notification, Cindy Starr starr@halloran-sage.com<br>Email Notification, John LaPlante john.laplante@ge.com<br>Email Notification, Melissa Donahue melissa.donahue@electricinsurance.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / MF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS - CIVIL<br>JD-CV-1  Rev. 6-11<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | See page 2 for instructions |
|---|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☒ "X" if claiming other relief in addition to or in lieu of money or damages. | | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350)<br>1061 Main Street, Bridgeport, CT 06604 | Telephone number of clerk *(with area code)*<br>( 203 ) 579-6527 | Return Date *(Must be a Tuesday)*<br>August  23 , 2011 |
|---|---|---|
| ☒ Judicial District       ☐ Housing Session       G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>Bridgeport | Case type code *(See list on page 2)*<br>Major: T   Minor: 20 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | Juris number *(to be entered by attorney only)*<br>102932 |
|---|---|
| Telephone number *(with area code)*<br>( 860 ) 449-0341 | Signature of Plaintiff *(If self-represented)* |

| Number of Plaintiffs: 1 | Number of Defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Frank, Eugene, H.<br>Address: 83 Briar Hill Road, Norwich, CT 06360 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: General Electric Co.<br>Address: c/o CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: CBS Corporation f/k/a Viacom, Inc. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.<br>Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: Air & Liquid Systems Corporation as s/b/m to Buffalo Pumps, Inc.<br>Address: c/o Secretary of Corporation, 874 Oliver Street, North Tonawanda, NY 14120-3298<br>c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Stephen C. Embry | Date signed<br>7/22/2011 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed *(Official taking recognizance; "X" proper box)* | ☐ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

ATTEST: A TRUE COPY
JOSEPH ANTINERELLA
STATE MARSHAL

(Page 1 of 2)

Return Date: August 23, 2011

| | |
|---|---|
| EUGENE H. FRANK,<br>     Plaintiff, | SUPERIOR COURT |
| VS. | J.D. OF FAIRFIELD<br><br>AT BRIDGEPORT |
| GENERAL ELECTRIC COMPANY;<br>CBS CORPORATION f/k/a VIACOM INC.,<br>     successor-by-merger with CBS CORPORATION<br>     f/k/a WESTINGHOUSE ELECTRIC<br>     CORPORATION;<br>AIR & LIQUID SYSTEMS CORPORATION<br>     as successor-by-merger to BUFFALO PUMPS,<br>     INC.;<br>                    Defendants | |

CLAIM ON BEHALF OF EUGENE H. FRANK

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF EUGENE H. FRANK
FOR PERSONAL INJURIES AND DAMAGES.

1.     The plaintiff, EUGENE H. FRANK, was employed at General Dynamics / Electric Corp., Groton, CT from on or about 1956 to on or about 1993. At times his duties, work and activities caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. Plaintiff worked in areas where he was exposed to asbestos. Plaintiff has been diagnosed with mesothelioma.

2a. <u>General Electric Company</u> is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b. <u>CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation</u>, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c. <u>Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc.</u>, is a foreign corporation which does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3. The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4. The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed

or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5. During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6. The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the

use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7. The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b. Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c.   Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d.   Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.   Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f.   Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g.   Did not recommend methods to improve the work environment,

7h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i. Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently

dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13. All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related

insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and

products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff EUGENE H. FRANK is suffering from mesothelioma, asbestos-related cancer, cancer, asbestos-related lung cancer, lung cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. He has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR EUGENE H. FRANK

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20. The Defendants, after they learned or should have learned of the dangers of asbestos and/or asbestos exposure, failed or refused to notify the Plaintiff of the dangers of

his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

Dated: July 22, 2011 . By: _____
Stephen C. Embry, Esq.
Melissa M. Olson, Esq.
John F. Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341

ATTEST:
A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL

Wherefore the Plaintiff, EUGENE H. FRANK, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 22nd day of July, 2011.

By: _____
Stephen C. Embry, Esq.
Melissa M. Olson, Esq.
John F. Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341

ATTEST:
A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL